PETER McClelland Adm'r. v. W. W. Slauter.

The 1st section of the act of the 20th of March, 1848, for fixing the liabilities
of drawers or endorsers of negotiable paper by a suit at the first term of
the court to which suit can be brought (Paschal's Dig., Art. 220, Notes 283,
290,) is not a statute of limitation within the meaning of the 6th section of
the 11th ordinance of the convention of 1866, which declares, that in all
civil actions the time between the 2d day of March, 1861, and the 2d day
of September, 1866, shall not be computed in the application of any statute
of limitation. (Paschal's Dig., Art. 4631*a*.)

APPEAL from McLennan. The case was tried before Hon.
THOMAS HARRISON, one of the district judges.

On the 31st of October, 1861, J. W. Nowlin executed
his note to B. F. Faulkner, of which the following is a
copy:

"[$334 15.]                    WACO, *October* 31, 1860.

On or before the 1st day of March next, I promise to
pay B. F. Faulkner, or order, three hundred and thirty-
four dollars and fifteen cents, value received.

"J. W. NOWLIN."

First endorsement on same:

"March 15, 1865. Pay to W. W. Slauter, or bearer, this
note, being in consideration of land sold to me out of the
Goode tract, near Waco.          B. F. FAULKNER."

xxx—32

The original suit was commenced on the 5th of October, 1861. There were various amendments, in which it was shown the note was given for land, and the vendor's lien was claimed. On the 10th of November, 1866, the defendant excepted to the plaintiff's petition, on the ground that as to the second endorser there was no diligence; and he also pleaded that the endorsement of Faulkner was made on the 15th of March, 1861; that the note was due and payable on 1st day of March, 1861, and that the term of the district court of McLennan county intervened between the 15th of March, 1861, and the date of filing the original petition; and that no good cause is shown why the suit was not instituted at said term of said court. The law and the facts were submitted to the court, and he decided that the administrator of the maker and also the endorser were liable for the amount of the note. Judgment was rendered accordingly. The only question in the case was as to the liability of the endorser. The defendants appealed.

*Norris & McCall*, for appellant, argued that the statute for fixing the liability of endorsers (Paschal's Dig., Art. 229) was not a statute of limitation within the meaning of the 6th section of the 11th ordinance of the convention of 1866. (Paschal's Dig., Art. 4631.) They relied on Sydnor v. Gascoigne, (11 Tex., 458.)

No brief for appellee has been furnished to the *Reporter*.

CALDWELL, J.—There is but a single point involved in this suit, and that is whether article 229 of Paschal's Digest is a " statute of limitation" in the sense as used in ordinance 11, section 6, constitution of 1866. [Paschal's Dig., Art. 4631*a*.]

In Ryan v. Flint & Chamberlin, decided at the present term of this court, [*ante* 382,] we held that a similar statute was not. We there defined a " statute of limitation,"

and as this article does not come within the rule, it cannot be so held.

It follows, as suit was not commenced to the first term of the district court (or the second, with cause shown, &c.) after the cause of action accrued, the endorser is not liable. A parol agreement to forbear suing is not sufficient.

The judgment of the court below is reversed as to McClelland, administrator, and the cause

DISMISSED.